**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**OHIO VALLEY ENVIRONMENTAL
COALITION, INC., WEST VIRGINIA
HIGHLANDS CONSERVANCY, INC.,
and SIERRA CLUB,**

          **Plaintiffs,**

     **v.**                               **CIVIL ACTION NO.** 2:13-14851

**HERNSHAW PARTNERS, LLC,**

         **Defendant.**


**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR CIVIL
PENALTIES**

**INTRODUCTION**

     1.     This is an action for declaratory judgment, mandatory injunctive relief, and civil penalties against Hernshaw Partners, LLC ("Hernshaw" or "Defendant") for discharging pollutants in violation of the Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq. (hereinafter "the Clean Water Act" or "the CWA") from an unpermitted point source on its property located southwest of the town of Gilbert in Mingo County, West Virginia.  That point source discharges into an unnamed tributary of Laurel Fork of Ben Creek of Tug Fork.  That stream is a water of the United States.

     2.     As detailed below, Plaintiffs allege that Defendant—as owner of the point source—discharged and continues to discharge selenium (a pollutant designated as toxic by the U.S. Environmental Protection Agency, 40 C.F.R. § 401.15) into a water of the United States without a National Pollution Discharge Elimination System ("NPDES") Permit issued pursuant

to Section 402 of the Clean Water Act, 33 U.S.C. § 1342, in persistent violation of Section 301 of the Clean Water Act, 33 U.S.C. § 1311.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 33 U.S.C. § 1365 (Clean Water Act citizen suit provision).

4.      On March 18, 2013, Plaintiffs gave notice of their intent to file suit to Defendant, the United States Environmental Protection Agency ("EPA"), and the West Virginia Department of Environmental Protection ("WVDEP"), as required by Section 505(b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A).

5.      More than sixty days have passed since the notice was served.  Neither EPA nor WDEP have commenced and/or diligently prosecuted a civil or criminal action to redress the violations.  Moreover, neither EPA nor WVDEP commenced an administrative penalty action under Section 309(g) of the CWA, 33 U.S.C. § 1319(g), or a comparable state law to redress the violations prior to the issuance of the March 18, 2013 notice letter.

6.      Venue in this District is proper pursuant to 33 U.S.C. § 1365(c)(1) because the sources of the Clean Water Act violations are located in this District.

## PARTIES

7.       Defendant Hernshaw is a West Virginia Limited Liability Company with offices in Gilbert, West Virginia and is owner of real property in Mingo County, West Virginia.

8.      Defendant is a person within the meaning of Section 502(5) of the Clean Water Act, 33 U.S.C. § 1362(5).

9.      Defendant is and has been the owner of land that was previously the site of surface coal mining operations.  Those mining operations involved the construction of a valley

fill that is the source of the selenium pollution at issue in this action. Upon information and belief, Defendant Hernshaw has at all relevant times owned the land on which the valley fill is located.

10.     Plaintiff Ohio Valley Environmental Coalition (hereinafter "OVEC") is a nonprofit organization incorporated in Ohio.  Its principal place of business is in Huntington, West Virginia.  It has approximately 1,500 members.  Its mission is to organize and maintain a diverse grassroots organization dedicated to the improvement and preservation of the environment through education, grassroots organizing, coalition building, leadership development, and media outreach.  OVEC has focused on water quality issues and is a leading source of information about water pollution in West Virginia.

11.     Plaintiff West Virginia Highlands Conservancy, Inc. (hereinafter "WVHC") is a nonprofit organization incorporated in West Virginia.  It has approximately 1,700 members.  It works for the conservation and wise management of West Virginia's natural resources.

12.     Plaintiff Sierra Club is a nonprofit corporation incorporated in California with more than 600,000 members and supporters nationwide and approximately 1,900 members who reside in West Virginia and belong to its West Virginia Chapter.  The Sierra Club is dedicated to exploring, enjoying, and protecting the wild places of the Earth; to practicing and promoting the responsible use of the Earth's resources and ecosystems; to educating and enlisting humanity to protect and restore the quality of the natural and human environment; and to using all lawful means to carry out these objectives.  The Sierra Club's concerns encompass the exploration, enjoyment and protection of surface waters in West Virginia.

13.     Plaintiffs' members suffer injuries to their aesthetic, recreational, environmental, and/or economic interests as a result of Defendant's unlawful discharges of selenium. Plaintiffs'

3

members fish in, swim in, hike near, observe wildlife in, photograph, and/or otherwise use the waters affected by Defendant's discharges and are harmed by selenium that Defendant is discharging. Plaintiffs' members refrain from those activities or enjoy them less because of Defendant's unlawful discharges.  Plaintiffs' members are also very concerned about the impacts of pollution from Defendant's discharges on their friends and neighbors and on local wildlife. If Defendant's unlawful discharges ceased, the harm to interests of Plaintiffs' members could be redressed.   Injunctions and/or civil penalties would redress Plaintiffs' members' injuries by preventing and/or deterring future violations.

14.    At all relevant times, Plaintiffs were and are "persons" as that term is defined by the CWA, 33 U.S.C. § 1362(5).

## STATUTORY AND REGULATORY FRAMEWORK

15.    Section 301(a) of the CWA, 1311(a), prohibits the "discharge of any pollutant by any person" into waters of the United States except in compliance with the terms of a permit, such as a National Pollutant Discharge Elimination System ("NPDES") Permit issued by the EPA or an authorized state pursuant to section 402 of the CWA, 33 U.S.C. § 1342.

16.    Section 402(a) of the CWA, 33 U.S.C. § 1342(a), provides that the permit issuing authority may issue a NPDES permit that authorizes the discharge of any pollutant direction into waters of the United States, upon the condition that such discharge will meet all applicable requirements of the CWA and such other conditions as the permitting authority determines necessary to carry out the provisions of the CWA.

17.    At all times relevant to this complaint, the State of West Virginia has been authorized by EPA to administer a NPDES program for regulating the discharges of pollutants into waters of West Virginia.  Permits issued under this program are known as "WV/NPDES"

permits.

18.     Section 505(a) of the CWA, 33 U.S.C. § 1365(a), authorizes any "citizen" to "commence a civil action on his own behalf . . . against any person . . . who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such standard or limitation."

19.     Section 505(f) of the CWA, 33 U.S.C. § 1365(f), defines an "effluent standard or limitation under this chapter," for purposes of the citizen suit provision in Section 505(a) of the CWA, 33 U.S.C § 1365(a), to mean, among other things, an unlawful act under Section 301(a), 33 U.S.C. § 1311(a), of the CWA.

20.     In an action brought under Section 505(a) of the CWA, 33 U.S.C. § 1365(a), the district court has jurisdiction to order the defendant or defendants to comply with the CWA and to assess civil penalties under Section 309(d) of the CWA, 33 U.S.C. § 1365(d). *See* 33 U.S.C. § 1365(a).

21.     Section 309(d) of the CWA, 33 U.S.C. § 1319(d), provides that any person who violates Section 301 of the CWA, 33 U.S.C. § 1311, or violates any permit condition or limitation in a permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, shall be subject to a civil penalty payable to the United States of up to $25,000 for each day of each violation.

22.     Pursuant to the Federal Civil Penalties Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, the court may assess a civil penalty of $37,500 per day for each violation that occurred after January 12, 2009. *See* 40 C.F.R. § 19.4.

23.     Under Section 505(d) of the CWA, 33 U.S.C. § 1365(d), the court "may award

costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or

substantially prevailing party, whenever the court determines such an award is appropriate."

## FACTS

24.     On information and belief, Hershaw Partners, LLC has owned the surface rights

of a certain tract of land including Plots 13.1 and 13.2 of Map 512 of the tax maps for Mingo

County, West Virginia (hereinafter "the Property") since at least March 6, 2006.

25.     On March 6, 2006, Hernshaw partners, LLC, took ownership of the Property from

James H. Harless and Hallie C. Harless by Deed of Conveyance.  James H. Harless and Hallie C.

Harless were the successors of Mingo Logan Coal Company, which had held the Property since

November 9, 1998.

26.     On March 25, 1976, the WVDEP issued SMCRA Permit S008476 to Chafin

Branch Coal Company to operate a surface mine on lands including the Property.

27.     During the course of operations of that surface mine, a Valley Fill was

constructed in an unnamed tributary of Laurel Fork of Ben Creek of Tug Fork.  The Valley Fill

was constructed and remains on lands within the Property.

28.     During operation of the surface mine, discharges of pollutants from the Valley

Fill were regulated by WV/NPDES Permit WV0043338.

29.     On September 9, 1996, the WVDEP released SMCRA Permit S008476.

WV/NPDES Permit WV0057126 was released on October 26, 1997.  Discharges from the

Valley Fill are no longer authorized or regulated by a WV/NPDES or SMCRA permit.

30.     Upon information and belief, the Valley Fill continues to discharge pollutants,

including toxic selenium, into the unnamed tributary of Laurel Fork of Ben Creek of Tug Fork.

31.     On February 26, 2013, a water sampler hired by Sierra Club took a water sample

less than one mile downstream of the Valley Fill, in Laurel Fork just upstream of where it enters Ben Creek. That sample demonstrated an elevated selenium concentration in Laurel Fork of 2.51 µg/l.

32.     No other valley fills drain into Laurel Fork and upon information and belief there are no other sources of selenium in Laurel Fork.  Accordingly, plaintiffs allege that the Valley Fill is discharging selenium into Laurel Fork by way of the unnamed tributary in which the Valley Fill is located.

33.     The Valley Fill is a point source as that term is used in the context of the CWA, 33 U.S.C. § 1362(14).

34.     The Valley Fill conveys discharges of groundwater and surface water into the unnamed tributary of Laurel Fork at or near the toe of the Valley Fill.

35.     Both the unnamed tributary and Laurel Fork are waters of the United States.

36.     Selenium is a toxic pollutant under the CWA.  40 C.F.R. § 401.15.

37.     Neither Defendant nor any other entity possesses a permit to discharge selenium from the Valley Fill.

38.     In light of the nature of selenium discharges from valley fills and in the absence of any evidence that Defendant or any other party has made efforts to prevent future selenium discharges from the Valley Fill, Plaintiffs allege that Defendant has committed additional unpermitted discharges since February 2013, and is in continuing violation of the Clean Water Act.

39.     Plaintiffs sent of notice of intent to sue ("NOI") postmarked March 18, 2013, to Defendant, notifying it that its unpermitted discharges of selenium violate the Clean Water Act.

40.     The NOI also notified Defendant of Plaintiffs' intent to sue for those violations at

the end of the 60-day period required by statute.

41.     Plaintiffs sent the NOI by certified mail, return receipt requested, to the following persons:  Sharon Murphy, manager and Registered Agent for Defendant Hernshaw Partners, LLC; Secretary Randy Huffman, WVDEP; Shawn M. Garvin, Regional Administrator of EPA Region III; and Lisa P. Jackson, Administrator of EPA.

**FIRST CLAIM FOR RELIEF**
(Clean Water Act Violations Related to Unpermitted Discharges of Selenium)

42.     Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 41 *supra.*

43.     Defendant's selenium discharges identified in the above paragraphs are discharges of a pollutant from a point source into navigable waters of the United States within the meaning of Section 301 of the Clean Water Act, which prohibits the discharge of any pollutant by any person, except in compliance with a permit.  33 U.S.C. § 1311.

44.     Defendant does not hold a WV/NPDES Permit or any other permit to authorize the discharge of selenium from the Valley Fill.

45.     Under Section 505(f) of the Clean Water Act, 33 U.S.C. § 1365(f), the prohibition against unpermitted discharges under Section 301 is an "effluent standard or limitation" subject to enforcement through the citizen suit provision at Section 505(a)(1) of the Act.  33 U.S.C. § 1365(a)(1).

46.     As established by Plaintiffs' sampling, Defendant discharged selenium into the unnamed tributary of Laurel Fork in violation of Section 301(a) in February 2013.

47.     On information and belief, Plaintiffs allege that Defendant is in continuing and/or intermittent violation of the Clean Water Act as a result of its ongoing selenium discharges because Defendant has taken no meaningful action to eradicate the underlying cause of the

discharges or to obtain a permit for the discharges.

48.     Unless enjoined Defendant will remain in continuing or intermittent violation of the Clean Water Act.

49.     Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d) Defendant is liable for civil penalties up to $37,500 per day of violation for its violations of Section 301 of the CWA, 33 U.S.C. § 1311.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order:

(1) Declaring that Defendant has violated and continues to violate the Clean Water Act;

(2) Enjoining Defendant from allowing future unpermitted discharges of selenium into the unnamed tributary of Laurel Fork;

(3) Ordering Defendant to pay appropriate civil penalties up to $37,500 per day for each CWA violation;

(4) Ordering Defendant to conduct monitoring and sampling to determine environmental effects of its violations, to remedy and repair environmental contamination and/or degradation caused by its violations, and restore the environment to its prior uncontaminated condition;

(5) Awarding Plaintiffs' attorney and expert fees and all other reasonable expenses incurred in pursuit of this action; and

(6) Granting other such relief as the Court deems just and proper.


                                    Respectfully Submitted,

                                    /s/ Benjamin A. Luckett
                                    Benjamin A. Luckett (W.Va. Bar No. 11463)

Joseph M. Lovett (W.Va. Bar No. 6926)
Appalachian Mountain Advocates
P.O. Box 507
Lewisburg, WV 24901
(304) 645-0125

*Counsel for Plaintiffs*